UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JESSICA HILLS,

    Petitioner,

v.                                    Case No. 4:19-cv-604-MW/MJF

WARDEN and US DEPARTMENT OF
JUSTICE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

The clerk of the court referred this case to the undersigned upon Petitioner's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

**I. BACKGROUND**

Petitioner, a prisoner proceeding *pro se*, commenced this action pursuant to 28 U.S.C. § 2241. (Doc. 1). On March 5, 2020, Respondents filed a motion to dismiss. (Doc. 10). On March 12, 2020, this court ordered Petitioner to file a memorandum of

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

law in opposition to Respondents' motion to dismiss. (Doc. 11). The undersigned provided Petitioner until April 2, 2020, to comply with that order. (*Id.*). The undersigned warned Petitioner that if she failed to file a response in opposition to Respondents' motion to dismiss, the undersigned would presume that Petitioner does not oppose the motion, and the undersigned likely would recommend that the District Court grant Respondents' motion to dismiss. (*Id.*). Petitioner did not comply with that order.

On October 14, 2020, the undersigned issued an order directing Petitioner to show cause why this case should not be dismissed for failure to comply with a court order. (Doc. 12). The undersigned imposed a deadline of November 4, 2020, to comply. The undersigned warned Petitioner that the failure to respond likely would result in dismissal of this action. As of the date of this report and recommendation, Petitioner has not responded to the undersigned's orders.

## II. Discussion

The undersigned recommends that Petitioner's petition be dismissed in light of Petitioner's failure to comply with two court orders and her failure to prosecute.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess

an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Petitioner's failure to comply.** On March 12, 2020, the undersigned directed Petitioner to file a response in opposition to Respondents' motion to dismiss. The undersigned imposed a deadline of April 2, 2020 to comply. Thus, Petitioner has failed to comply with that order since April 2, 2020.

**(2) Petitioner's failure to comply with two court orders.** Petitioner has failed to comply with two court orders:

    a.    the order issued on March 12, 2020; and

    b.    the order issued on October 14, 2020.

**(3) Petitioner received notice that failure to act likely would result in dismissal.** The undersigned twice warned Petitioner that failure to comply with the respective orders likely would result in dismissal. (Docs. 11, 12). Despite these warnings, Petitioner has not complied with the undersigned's orders.

**(4) Petitioner is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Petitioner could refile her claim should she choose to pursue it in the future. Thus, dismissal without prejudice likely would not result in substantial prejudice to her.

**(5) The proper balance between alleviating court calendar congestion and protecting Petitioner's right to due process and a fair chance to be heard.** Petitioner has been afforded an opportunity to be heard and has received due process consistent with the primary stage of her civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Petitioner may have in this case remaining pending and inactive.

**(6)  The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)  The fact that any lesser sanction would be inefficacious.** Based on Petitioner's prior conduct, it is likely that Petitioner would ignore future orders directing her to comply. Additionally, because Petitioner is an inmate proceeding *pro se*, it is unlikely that imposition of a fine would motivate Petitioner to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Petitioner's failure to comply with two court orders and failure to prosecute.
2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this <u>1st</u> day of December, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**